IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:20-CV-30-BO

JENNIFER KING,                          )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )            ORDER
                                        )
UNITED STATES FISH AND                  )
WILDLIFE SERVICE,                       )
                                        )
            Defendant.                  )

This cause comes before the Court on defendant's motion to dismiss pursuant to Rules 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion to dismiss is granted and this action is dismissed in its entirety.

## BACKGROUND

Plaintiff filed this quiet title action seeking to vindicate her purported property rights to a tract of real property in Tyrell County. [DE 1]. The disputed property is located entirely in the Pocosin National Wildlife Refuge, which consists of about 112,000 acres and has changed hands multiple times. [DE 12]. Plaintiff argues that she and her siblings own a one-thousand-acre tract of land that was allegedly never formally conveyed to defendant. [DE 1, 14]. Defendant claims that the Conservation Fund conveyed the property to the United States in 1990 and that notice of this conveyance was published twice in the federal register and on at least seven occasions in local newspapers. [DE 12]. Defendant moves to dismiss plaintiff's claim because she filed suit more than twelve years after the cause of action accrued, depriving the court of jurisdiction over this matter. *Id.* Plaintiff claims she did not have actual knowledge of the government's claim until

2007, but defendant argues that she should have been aware of the claim in the 1990s. [DE 12, 14].

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647–50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To this end, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* (citing *Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558-59 (9th Cir. 1987)). The movant's motion to dismiss should be granted if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. *Id.*

It is well-settled that the United States, as sovereign, is immune from suit unless it has consented to be sued. *See, e.g., United States v. Sherwood*, 312 U.S. 584, 586 (1941). The "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.*; *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983). The Quiet Title Act (QTA) is the exclusive means by which an adverse claimant can challenge the United States' title to real property. *Block v. North Dakota*, 461 U.S. 273, 286 (1983). The QTA includes a statute of limitations which reads: "Any civil action shall be barred unless it is commenced within twelve years of the date which it accrued. Such action shall be deemed to have accrued on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United

2

States." 28 U.S.C. § 2409a(g). This statute of limitations provision constitutes a condition on the waiver of sovereign immunity, *Block*, 461 U.S. at 287, and "compliance with the 12-year limitations period in §2409a([g]) is a jurisdictional prerequisite for brining an action under the Quiet Title Act," *Fulcher v. United States*, 696 F.2d 1073, 1078 (4th Cir. 1982) (citation omitted). Federal law applies to the construction of the QTA, but "[c]ompatible state law is a valuable and appropriate tool" for applying federal law to the facts of a case. *Id.* at 1076.

The filing of a document, except in certain cases where notice by publication is insufficient by law, provides "notice of the contents of the document to a person subject to or affected by it." 44 U.S.C.A. § 1507. In the context of a quiet title action, publication in the Federal Register of a property claim is sufficient to start the statute of limitations if a plaintiff is subject to or affected by it. *George v. United States*, 672 F.3d 942, 944–45 (10th Cir. 2012). Knowledge of the "full countours" of the claim is not required as long as there is "a reasonable awareness that the Government claims some interest adverse to the plaintiff's." *Knapp v. United States*, 636 F.2d 279, 283 (10th Cir 1980). In other words, the government is not required to produce "explicit notice of its claim." *F.E.B. Corp. v. United States*, 618 F.3d 681, 686 (11th Cir. 2016) (citing *Spirit Lake Tribe v. N. Dakota*, 262 F.3d 272, 738 (8th Cir. 2001)). The Fourth Circuit has determined that when applying the federal limitations provision, "the knowledge reasonably obtainable by a prudent owner will be imputed" to a landowner. *Fulcher*, 696 F.2d at 1076. This constructive knowledge standard is "rigorously applied."

Here, the transfer of ownership of the Pocosin Lakes National Wildlife Refuge to the United States was published in the Federal Register in both 1994 and 1995. *See* "Refuge-Specific Hunting and Fishing Regulations, 59 Fed. Reg. 94-1537 (Feb. 11, 1994); "Endangered and Threatened Wildlife and Plants; Revision of the Special Rule for Nonessential Experimental

3

Populations of Red Wolves in North Carolina and Tennessee," 60 Fed. Reg. 18941 (Apr. 13, 1995). These two publications alone were sufficient to begin the running of the statute of limitations. However, even if the publications in the Federal Register did not start the running of the statute of limitations, plaintiff still should have known about the government's claims because of publications in local newspapers on at least seven occasions. Plaintiff's statement that these publications were not enough to provide notice because they do not contain chain-of-tile, acreage count, parcel boundaries, a map, or any other clear delineation to parcel boundaries does not make a lack of actual knowledge reasonable. The government is not required to provide explicit notice of its claim, and a reasonable person would have had enough information to seek clear delineation of parcel boundaries. The publications in the Federal Register and in local newspapers were sufficient to provide plaintiff with actual knowledge of the government's claim in the 1990s. *See Fulcher*, 696 F.2d at 1077–78 (finding that lack of actual knowledge was unreasonable when there was extensive publicity and discussion of the government's claim even though the land was remotely situated, plaintiff did not know where the parcel was located, and plaintiff resided out-of-state). Because plaintiff had reason to know of the government's claim to the disputed property before June 1, 2008, her claim must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 11] is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this /0 day of November, 2020.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

4

Case 2:20-cv-00030-BO   Document 15   Filed 11/12/20   Page 4 of 4